**EXHIBIT A**

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**
------------------------------------------------------------------------x    **SUMMONS**
JOANNE HICKS a/k/a JOANNE HICKS-CAMPBELL,

                              *Plaintiff*,

                  -against-

STARBUCKS CORPORATION d/b/a and/or a/k/a
STARBUCKS COFFEE COMPANY,

                          *Defendant*.
------------------------------------------------------------------------x

Index Number:
Date Purchased:

Plaintiff designates New York
County as the place of trial.

The basis of venue is the
Defendant's place of business
and location of the accident:
1 Penn Plaza
Concourse Level
New York, New York 10119.

**TO THE ABOVE-NAMED DEFENDANT**:

        **YOU ARE HEREBY SUMMONED**, to answer the complaint in this action, and to

serve a copy of your answer, or, if the complaint is not served with this summons, to serve a

notice of appearance, on the Plaintiff's attorneys within 20 days after the service of this

summons, exclusive of the day of service (or within 30 days after the service is complete if the

summons is not personally delivered to you within the State of New York); and in the case of

your failure to appear or answer, judgment will be taken against you by default for the relief

demanded in the complaint.

Dated: Mineola, New York
         December 30, 2020

Yours, etc.,

LAW OFFICES OF JOSEPH M. LICHTENSTEIN

By: T. McKinley Thornton, Esq.
*Attorneys for Plaintiff*
170 Old Country Road, Suite 615
Mineola, New York 11501
Tel: (516) 873-6300
Fax: (516) 873-7986
E-Mail: TMThornton@jml-law.com

1

Case 1:21-cv-04709  Document 1-1  Filed 05/26/21  Page 3 of 54

TO: STARBUCKS CORPORATION d/b/a
STARBUCKS COFFEE COMPANY
c/o United States Corporation Company
80 State Street
Albany, New York 12207

STARBUCKS CORPORATION d/b/a
STARBUCKS COFFEE COMPANY
2401 Utah Avenue South, Suite 800
Seattle, Washington 98134

2

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

----------------------------------------------------------------------x

JOANNE HICKS a/k/a JOANNE HICKS-CAMPBELL,

                       *Plaintiff*,

               -against-

STARBUCKS CORPORATION d/b/a and/or a/k/a
STARBUCKS COFFEE COMPANY,

                       *Defendant*.

----------------------------------------------------------------------x

**VERIFIED COMPLAINT**

Index Number:
Date Purchased:

       Plaintiff, by her attorneys, LAW OFFICES OF JOSEPH M. LICHTENSTEIN, P.C., complaining of the Defendant, alleges, upon information and belief, as follows:

       1.     That at the time of the commencement of the within action, the Plaintiff, JOANNE HICKS a/k/a JOANNE HICKS-CAMPBELL was a resident of the County of Suffolk, State of New York.

       2.     That on or about November 1, 2018, the Defendant, STARBUCKS CORPORATION d/b/a and/or a/k/a STARBUCKS COFFEE COMPANY, was and still is a foreign corporation, duly organized and existing under, pursuant to and/or by virtue of the laws of the State of New York.

       3.     That on or about November 1, 2018, the Defendant, STARBUCKS CORPORATION d/b/a and/or a/k/a STARBUCKS COFFEE COMPANY, was and still is a foreign corporation, duly organized and existing under, pursuant to and/or by virtue of the laws of the State of Washington.

       4.     That on or about November 1, 2018, the Defendant, STARBUCKS CORPORATION d/b/a and/or a/k/a STARBUCKS COFFEE COMPANY, was and still is a foreign corporation, duly authorized to do, conduct and/or transact business within the State of New York.

       5.     That on or about November 1, 2018, the Defendant, STARBUCKS CORPORATION d/b/a and/or a/k/a STARBUCKS COFFEE COMPANY, was and still is a foreign corporation, duly

3

authorized to do, conduct and/or transact business within the State of New York, under, pursuant to and/or by virtue of the laws of the State of New York.

6.       That on or about November 1, 2018, the Defendant, STARBUCKS CORPORATION d/b/a and/or a/k/a STARBUCKS COFFEE COMPANY, was doing, conducting and/or transacting business and/or rendering and/or providing services within the State of New York.

7.       That on or about November 1, 2018, the Defendant, STARBUCKS CORPORATION d/b/a and/or a/k/a STARBUCKS COFFEE COMPANY, was the owner of the building and/or premises known as Starbucks Store # 13791, located at 1 Penn Plaza, Concourse Level, in the City of New York, County of New York, State of New York.

8.       That on or about November 1, 2018, the Defendant, STARBUCKS CORPORATION d/b/a and/or a/k/a STARBUCKS COFFEE COMPANY, was the lessor of the building and/or premises known as Starbucks Store # 13791, located at 1 Penn Plaza, Concourse Level, in the City of New York, County of New York, State of New York.

9.       That on or about November 1, 2018, the Defendant, STARBUCKS CORPORATION d/b/a and/or a/k/a STARBUCKS COFFEE COMPANY, was the lessee of the building and/or premises known as Starbucks Store # 13791, located at 1 Penn Plaza, Concourse Level, in the City of New York, County of New York, State of New York.

10.      That on or about November 1, 2018, the Defendant, STARBUCKS CORPORATION d/b/a and/or a/k/a STARBUCKS COFFEE COMPANY, its agents, servants and/or employees, managed the building and/or premises known as Starbucks Store # 13791, located at 1 Penn Plaza, Concourse Level, in the City of New York, County of New York, State of New York.

11.      That on or about November 1, 2018, the Defendant, STARBUCKS CORPORATION d/b/a and/or a/k/a STARBUCKS COFFEE COMPANY, its agents, servants and/or employees, managed

4

the building and/or premises known as Starbucks Store # 13791, located at 1 Penn Plaza, Concourse Level, in the City of New York, County of New York, State of New York, including, but not limited to, the interior portions of said building and/or premises.

12.     That on or about November 1, 2018, the Defendant, STARBUCKS CORPORATION d/b/a and/or a/k/a STARBUCKS COFFEE COMPANY, its agents, servants and/or employees, maintained the building and/or premises known as Starbucks Store # 13791, located at 1 Penn Plaza, Concourse Level, in the City of New York, County of New York, State of New York.

13.     That on or about November 1, 2018, the Defendant, STARBUCKS CORPORATION d/b/a and/or a/k/a STARBUCKS COFFEE COMPANY, its agents, servants and/or employees, maintained the building and/or premises known as Starbucks Store # 13791, located at 1 Penn Plaza, Concourse Level, in the City of New York, County of New York, State of New York, including, but not limited to, the interior portions of said building and/or premises.

14.     That on or about November 1, 2018, the Defendant, STARBUCKS CORPORATION d/b/a and/or a/k/a STARBUCKS COFFEE COMPANY, its agents, servants and/or employees, operated the building and/or premises known as Starbucks Store # 13791, located at 1 Penn Plaza, Concourse Level, in the City of New York, County of New York, State of New York.

15.     That on or about November 1, 2018, the Defendant, STARBUCKS CORPORATION d/b/a and/or a/k/a STARBUCKS COFFEE COMPANY, its agents, servants and/or employees, operated the building and/or premises known as Starbucks Store # 13791, located at 1 Penn Plaza, Concourse Level, in the City of New York, County of New York, State of New York, including, but not limited to, the interior portions of said building and/or premises.

16.     That on or about November 1, 2018, the Defendant, STARBUCKS CORPORATION d/b/a and/or a/k/a STARBUCKS COFFEE COMPANY, its agents, servants and/or employees,

supervised the building and/or premises known as Starbucks Store # 13791, located at 1 Penn Plaza, Concourse Level, in the City of New York, County of New York, State of New York.

17.     That on or about November 1, 2018, the Defendant, STARBUCKS CORPORATION d/b/a and/or a/k/a STARBUCKS COFFEE COMPANY, its agents, servants and/or employees, supervised the building and/or premises known as Starbucks Store # 13791, located at 1 Penn Plaza, Concourse Level, in the City of New York, County of New York, State of New York, including, but not limited to, the interior portions of said building and/or premises.

18.     That on or about November 1, 2018, the Defendant, STARBUCKS CORPORATION d/b/a and/or a/k/a STARBUCKS COFFEE COMPANY, its agents, servants and/or employees, controlled the building and/or premises known as Starbucks Store # 13791, located at 1 Penn Plaza, Concourse Level, in the City of New York, County of New York, State of New York.

19.     That on or about November 1, 2018, the Defendant, STARBUCKS CORPORATION d/b/a and/or a/k/a STARBUCKS COFFEE COMPANY, its agents, servants and/or employees, controlled the building and/or premises known as Starbucks Store # 13791, located at 1 Penn Plaza, Concourse Level, in the City of New York, County of New York, State of New York, including, but not limited to, the interior portions of said building and/or premises.

20.     That on or about November 1, 2018, the Defendant, STARBUCKS CORPORATION d/b/a and/or a/k/a STARBUCKS COFFEE COMPANY, its agents, servants and/or employees, inspected the building and/or premises known as Starbucks Store # 13791, located at 1 Penn Plaza, Concourse Level, in the City of New York, County of New York, State of New York.

21.     That on or about November 1, 2018, the Defendant, STARBUCKS CORPORATION d/b/a and/or a/k/a STARBUCKS COFFEE COMPANY, its agents, servants and/or employees, inspected the building and/or premises known as Starbucks Store # 13791, located at 1 Penn Plaza, Concourse

Level, in the City of New York, County of New York, State of New York, including, but not limited to, the interior portions of said building and/or premises.

22.     That on or about November 1, 2018, the Defendant, STARBUCKS CORPORATION d/b/a and/or a/k/a STARBUCKS COFFEE COMPANY, its agents, servants and/or employees, repaired the building and/or premises known as Starbucks Store # 13791, located at 1 Penn Plaza, Concourse Level, in the City of New York, County of New York, State of New York.

23.     That on or about November 1, 2018, the Defendant, STARBUCKS CORPORATION d/b/a and/or a/k/a STARBUCKS COFFEE COMPANY, its agents, servants and/or employees, repaired the building and/or premises known as Starbucks Store # 13791, located at 1 Penn Plaza, Concourse Level, in the City of New York, County of New York, State of New York, including, but not limited to, the interior portions of said building and/or premises.

24.     That on or about November 1, 2018, the Defendant, STARBUCKS CORPORATION d/b/a and/or a/k/a STARBUCKS COFFEE COMPANY, its agents, servants and/or employees, cleaned the building and/or premises known as Starbucks Store # 13791, located at 1 Penn Plaza, Concourse Level, in the City of New York, County of New York, State of New York.

25.     That on or about November 1, 2018, the Defendant, STARBUCKS CORPORATION d/b/a and/or a/k/a STARBUCKS COFFEE COMPANY, its agents, servants and/or employees, cleaned the building and/or premises known as Starbucks Store # 13791, located at 1 Penn Plaza, Concourse Level, in the City of New York, County of New York, State of New York, including, but not limited to, the interior portions of said building and/or premises.

26.     That on or about November 1, 2018, the Defendant, STARBUCKS CORPORATION d/b/a and/or a/k/a STARBUCKS COFFEE COMPANY, its agents, servants and/or employees, made a special use of and/or received a special benefit from the building and/or premises known as Starbucks

7

Store # 13791, located at 1 Penn Plaza, Concourse Level, in the City of New York, County of New York, State of New York.

27.    That on or about November 1, 2018, the Defendant, STARBUCKS CORPORATION d/b/a and/or a/k/a STARBUCKS COFFEE COMPANY, its agents, servants and/or employees, made a special use of and/or received a special benefit from the building and/or premises known as Starbucks Store # 13791, located at 1 Penn Plaza, Concourse Level, in the City of New York, County of New York, State of New York, including, but not limited to, the interior portions of said building and/or premises.

28.    That on or about November 1, 2018, the Defendant, STARBUCKS CORPORATION d/b/a and/or a/k/a STARBUCKS COFFEE COMPANY, its agents, servants and/or employees, ran and/or maintained a place of business for the purposes of selling food, groceries, merchandise and/or goods to the general public, at the building and/or premises known as Starbucks Store # 13791, located at 1 Penn Plaza, Concourse Level, in the City of New York, County of New York, State of New York.

29.    That on or about November 1, 2018, the Defendant, STARBUCKS CORPORATION d/b/a and/or a/k/a STARBUCKS COFFEE COMPANY, its agents, servants and/or employees, invited the general public, including, but not limited to, the Plaintiff, JOANNE HICKS a/k/A JOANNE HICKS-CAMPBELL, herein, to be and/or become customers at the Defendant's, STARBUCKS CORPORATION d/b/a and/or a/k/a STARBUCKS COFFEE COMPANY, aforementioned store and/or cafe.

30.    That on or about November 1, 2018, it was the duty of the Defendant, STARBUCKS CORPORATION d/b/a and/or a/k/A STARBUCKS COFFEE COMPANY, its agents, servants and/or employees, to manage, maintain, operate, control, supervise, inspect, repair and/or clean the aforesaid building and/or premises known as Starbucks Store # 13791, located at 1 Penn Plaza, Concourse Level, in the City of New York, County of New York, State of New York.

8

31.     That on or about November 1, 2018, it was the duty of the Defendant, STARBUCKS CORPORATION d/b/a and/or a/k/a STARBUCKS COFFEE COMPANY, its agents, servants and/or employees, to manage, maintain, operate, control, supervise, inspect, repair and/or clean the aforesaid building and/or premises known as Starbucks Store # 13791, located at 1 Penn Plaza, Concourse Level, in the City of New York, County of New York, State of New York, including the interior portions of said building and/or premises.

32.     That on or about November 1, 2018, it was the duty of the Defendant, STARBUCKS CORPORATION d/b/a and/or a/k/a STARBUCKS COFFEE COMPANY, its agents, servants and/or employees, to manage, maintain, operate, control, supervise, inspect, repair and/or clean the aforesaid building and/or premises known as Starbucks Store # 13791, located at 1 Penn Plaza, Concourse Level, in the City of New York, County of New York, State of New York, in a reasonably safe condition.

33.     That on or about November 1, 2018, it was the duty of the Defendant, STARBUCKS CORPORATION d/b/a and/or a/k/a STARBUCKS COFFEE COMPANY, its agents, servants and/or employees, to manage, maintain, operate, control, supervise, inspect, repair and/or clean the aforesaid building and/or premises known as Starbucks Store # 13791, located at 1 Penn Plaza, Concourse Level, in the City of New York, County of New York, State of New York, including the interior portions of said building and/or premises, in a reasonably safe condition.

34.     That on or about November 1, 2018, it was the duty of the Defendant, STARBUCKS CORPORATION d/b/a and/or a/k/a STARBUCKS COFFEE COMPANY, its agents, servants and/or employees, to manage, maintain, operate, control, supervise, inspect, repair and/or clean the aforesaid building and/or premises known as Starbucks Store # 13791, located at 1 Penn Plaza, Concourse Level, in the City of New York, County of New York, State of New York, in a reasonably safe condition for persons lawfully at, about and/or within the aforementioned building and/or premises, including, but not

9

limited to, the Plaintiff, JOANNE HICKS a/k/a JOANNE HICKS-CAMPBELL.

35.     That on or about November 1, 2018, it was the duty of the Defendant, STARBUCKS CORPORATION d/b/a and/or a/k/a STARBUCKS COFFEE COMPANY, its agents, servants and/or employees, to manage, maintain, operate, control, supervise, inspect, repair and/or clean the aforesaid building and/or premises known as Starbucks Store # 13791, located at 1 Penn Plaza, Concourse Level, in the City of New York, County of New York, State of New York, including the interior portions of said building and/or premises, in a reasonably safe condition for persons lawfully at, about and/or within the aforementioned building and/or premises, including, but not limited to, the Plaintiff, JOANNE HICKS a/k/a JOANNE HICKS-CAMPBELL.

36.     That on or about November 1, 2018, it was the duty of the Defendant, STARBUCKS CORPORATION d/b/a and/or a/k/a STARBUCKS COFFEE COMPANY, its agents, servants and/or employees, to manage, maintain, operate, control, supervise, inspect, repair and/or clean the aforesaid building and/or premises known as Starbucks Store # 13791, located at 1 Penn Plaza, Concourse Level, in the City of New York, County of New York, State of New York, in a condition that provided safe and reasonable use for persons lawfully at, about, upon and/or within the aforementioned building and/or premises, including, but not limited to, the Plaintiff, JOANNE HICKS a/k/a JOANNE HICKS-CAMPBELL.

37.     That on or about November 1, 2018, it was the duty of the Defendant, STARBUCKS CORPORATION d/b/a and/or a/k/a STARBUCKS COFFEE COMPANY, its agents, servants and/or employees, to manage, maintain, operate, control, supervise, inspect, repair and/or clean the aforesaid building and/or premises known as Starbucks Store # 13791, located at 1 Penn Plaza, Concourse Level, in the City of New York, County of New York, State of New York, including the interior portions of said building and/or premises, in a condition that provided safe and reasonable use for persons lawfully at,

about, upon and/or within the aforementioned building and/or premises, including, but not limited to, the Plaintiff, JOANNE HICKS a/k/a JOANNE HICKS-CAMPBELL.

38.     That on or about November 1, 2018, the Plaintiff, JOANNE HICKS a/k/a JOANNE HICKS-CAMPBELL, was a lawful patron and/or customer at, about and/or within the building and/or premises known as Starbucks Store # 13791, located at 1 Penn Plaza, Concourse Level, in the City of New York, County of New York, State of New York.

39.     That on or about November 1, 2018, as the Plaintiff, JOANNE HICKS a/k/a JOANNE HICKS-CAMPBELL, was a lawful customer and/or patron at, about and/or within the building and/or premises known as Starbucks Store # 13791, located at 1 Penn Plaza, Concourse Level, in the City of New York, County of New York, State of New York and, more particularly, as she was walking and/or traversing within the store and/or café, she was caused to slip, fall and be violently precipitated to the ground as a result of an unsafe, hazardous, dangerous, defective, wet and/or slippery condition existing on the floor of the aforesaid building and/or premises.

40.     That at all times herein mentioned, the Defendant, STARBUCKS CORPORATION d/b/a and/or a/k/a STARBUCKS COFFEE COMPANY, its agents, servants and/or employees, had knowledge and notice of the aforesaid unsafe, hazardous, dangerous, defective, wet and/or slippery condition which gave rise to the subject accident.

41.     That at all times herein mentioned, the Defendant, STARBUCKS CORPORATION d/b/a and/or a/k/a STARBUCKS COFFEE COMPANY, its agents, servants and/or employees, had knowledge and notice of the aforesaid unsafe, hazardous, dangerous, defective, wet and/or slippery condition which gave rise to the subject accident, but nonetheless failed to remedy same within a timely and reasonable manner.

42.     That at all times herein mentioned, the Defendant, STARBUCKS CORPORATION d/b/a

11

and/or a/k/a STARBUCKS COFFEE COMPANY, its agents, servants and/or employees, had actual notice of the aforesaid unsafe, hazardous, dangerous, defective, wet and/or slippery condition which gave rise to the subject accident.

43.    That at all times herein mentioned, the Defendant, STARBUCKS CORPORATION d/b/a and/or a/k/a STARBUCKS COFFEE COMPANY, its agents, servants and/or employees, had actual notice of the aforesaid unsafe, hazardous, dangerous, defective, wet and/or slippery condition which gave rise to the subject accident, but nonetheless failed to remedy same within a timely and reasonable manner.

44.    That at all times herein mentioned, the Defendant, STARBUCKS CORPORATION d/b/a and/or a/k/a STARBUCKS COFFEE COMPANY, its agents, servants and/or employees, had constructive notice of the aforesaid unsafe, hazardous, dangerous, defective, wet and/or slippery condition which gave rise to the subject accident.

45.    That at all times herein mentioned, the Defendant, STARBUCKS CORPORATION d/b/a and/or a/k/a STARBUCKS COFFEE COMPANY, its agents, servants and/or employees, had constructive notice of the aforesaid unsafe, hazardous, dangerous, defective, wet and/or slippery condition which gave rise to the subject accident, but nonetheless failed to remedy same within a timely and reasonable manner.

46.    That at all times herein mentioned, the Defendant, STARBUCKS CORPORATION d/b/a and/or a/k/a STARBUCKS COFFEE COMPANY, its agents, servants and/or employees, had inquiry notice of the aforesaid unsafe, hazardous, dangerous, defective, wet and/or slippery condition which gave rise to the subject accident.

47.    That at all times herein mentioned, the Defendant, STARBUCKS CORPORATION d/b/a and/or a/k/a STARBUCKS COFFEE COMPANY, its agents, servants and/or employees, had inquiry notice of the aforesaid unsafe, hazardous, dangerous, defective, wet and/or slippery condition which gave rise to the subject accident, but nonetheless failed to remedy same within a timely and reasonable manner.

Case 1:21-cv-04709 Document 1-1 Filed 05/26/21 Page 14 of 54

48.     That at all times herein mentioned, the Defendant, STARBUCKS CORPORATION d/b/a and/or a/k/a STARBUCKS COFFEE COMPANY, its agents, servants and/or employees, caused and/or created the aforesaid unsafe, hazardous, dangerous, defective, wet and/or slippery condition which gave rise to the subject accident.

49.     That as a result of the foregoing, the Plaintiff, JOANNE HICKS a/k/a JOANNE HICKS-CAMPBELL, was caused to sustain certain severe, serious, and permanent personal injuries.

50.     That the aforesaid accident and injuries sustained by the Plaintiff, JOANNE HICKS a/k/a JOANNE HICKS-CAMPBELL, as a result thereof, were caused through and by reason of the carelessness and negligence of the Defendant, STARBUCKS CORPORATION d/b/a and/or a/k/a STARBUCKS COFFEE COMPANY, its agents, servants and/or employees, in the ownership, operation, management, maintenance, inspection, repair, supervision, cleaning and/or control of the aforesaid building and/or premises; in that the Defendant, its agents, servants and/or employees, carelessly and negligently owned, managed, maintained, operated, supervised, controlled, inspected, cleaned and/or repaired the aforesaid building and/or premises; in that the Defendant, its agents, servants and/or employees, caused and/or created the aforesaid unsafe, hazardous, dangerous, defective, wet and/or slippery condition which gave rise to the subject accident involving the Plaintiff, JOANNE HICKS a/k/a JOANNE HICKS-CAMPBELL; in that the Defendant, its agents, servants and/or employees, carelessly and negligently caused and/or created the aforesaid unsafe, hazardous, dangerous, defective, wet and/or slippery condition which gave rise to the subject accident involving the Plaintiff, JOANNE HICKS a/k/a JOANNE HICKS-CAMPBELL; in that the Defendant, its agents, servants and/or employees, failed to provide and/or place warnings, by signage or otherwise, of the aforesaid unsafe, hazardous, dangerous, defective, wet and/or slippery condition which gave rise to the subject accident involving the Plaintiff, JOANNE HICKS a/k/a JOANNE HICKS-CAMPBELL; in that the

Defendant, its agents, servants and/or employees, failed to barricade, block and/or cordon off the area where the subject accident occurred; in that the Defendant, its agents, servants and/or employees, carelessly and negligently failed to barricade, block and/or cordon off the area where the subject accident occurred; in that the Defendant, its agents, servants and/or employees, caused, created and/or allowed the aforesaid unsafe, hazardous, dangerous, defective, wet and/or slippery condition to exist and remain for an unreasonably long and extended period of time, despite having knowledge and/or notice of said condition; in that the Defendant, its agents, servants and/or employees, within the Defendant's aforementioned store and/or cafe, failed to conduct a reasonable inspection of the said premises; in that the Defendant, its agents, servants and/or employees, failed to remedy, correct, rectify and/or otherwise remove the aforementioned unsafe, hazardous, dangerous, defective, wet and/or slippery condition which gave rise to the subject accident; in that the Defendant, its agents, servants and/or employees, failed to remedy, correct, rectify and/or otherwise remove the aforementioned unsafe, hazardous, dangerous, defective, wet and/or slippery condition, which gave rise to the subject accident, in a reasonable and timely manner; in that the Defendant, its agents, servants and/or employees, failed to properly and/or adequately manage, maintain, operate, supervise, control, inspect, clean and/or repair the aforesaid premises, thereby causing, creating and/or allowing to exist the aforesaid unsafe, hazardous, dangerous, defective, wet and/or slippery condition which gave rise to the subject accident involving the Plaintiff, JOANNE HICKS a/k/a JOANNE HICKS-CAMPBELL; in that the Defendant, its agents, servants and/or employees, failed to warn the Plaintiff, JOANNE HICKS a/k/a JOANNE HICKS-CAMPBELL, and others lawfully at, about and/or within the aforesaid building and/or premises, of the unsafe, hazardous, dangerous, defective, wet and/or slippery condition which gave rise to the subject accident; in that the Defendant failed to properly and/or adequately train and/or instruct its agents, servants and/or employees; in that the Defendant carelessly and negligently trained and/or instructed its

14

Case 1:21-cv-04709 Document 1-1 Filed 05/26/21 Page 16 of 54

agents, servants and/or employees; in that the Defendant, its agents, servants and/or employees, failed to properly and timely attend to their duties in remedying the unsafe, hazardous, dangerous, defective, wet and/or slippery condition which gave rise to the subject accident; in that the Defendant, its agents, servants and/or employees, neglected their duties in remedying the unsafe, hazardous, dangerous, defective, wet and/or slippery condition which gave rise to the subject accident; in that the Defendant, its agents, servants and/or employees, prevented and/or obstructed and/or obscured the Plaintiff from recognizing the unsafe, hazardous, dangerous, defective, wet and/or slippery condition which gave rise to the subject accident; in that the Defendant, its agents, servants and/or employees, prevented and/or obstructed and/or obscured the Plaintiff's view of signage (if any existed) pertaining to the unsafe, hazardous, dangerous, defective, wet and/or slippery condition which gave rise to the subject accident; in that the Defendant, its agents, servants and/or employees, interfered with the Plaintiff recognizing the unsafe, hazardous, dangerous, defective, wet and/or slippery condition which gave rise to the subject accident; in that the Defendant, its agents, servants and/or employees, interfered with the Plaintiff's view of signage (if any existed) pertaining to the unsafe, hazardous, dangerous, defective, wet and/or slippery condition which gave rise to the subject accident; and the Defendant, STARBUCKS CORPORATION d/b/a and/or a/k/a STARBUCKS COFFEE COMPANY, its agents, servants and/or employees, were otherwise careless and negligent in failing to take proper and suitable precautions to prevent the aforesaid accident and the injuries to the Plaintiff, JOANNE HICKS a/k/a JOANNE HICKS-CAMPBELL, resulting therefrom.

51.      That by reason of the foregoing, and the wrongful, unlawful and negligent acts and omissions on the part of the Defendant, STARBUCKS CORPORATION d/b/a and/or a/k/a STARBUCKS COFFEE COMPANY, its agents, servants and/or employees, as aforesaid, the Plaintiff, JOANNE HICKS a/k/a JOANNE HICKS-CAMPBELL, was rendered sick, sore, lame and disabled and

15

Case 1:21-cv-04709  Document 1-1  Filed 05/26/21  Page 17 of 54

was seriously and permanently injured and so remains; suffered and will continue to suffer agony in body and mind; was and remains unable to pursue her regular activities; has suffered and will continue to suffer loss of earnings; was and will be compelled to secure medical aid and medicines in an effort to cure or minimize her injuries and was compelled to expend and become liable for diverse sums of money in an effort to cure herself of her injuries, and since some of her injuries are believed to be of a permanent and lasting nature, upon information and belief, she will continue to be so deprived and so liable for damages in the future.

52.    That the foregoing accident and the injuries resulting therefrom to the Plaintiff, JOANNE HICKS a/k/a JOANNE HICKS-CAMPBELL, were caused and sustained solely and wholly by reason of the carelessness and negligence on the part of the Defendant, STARBUCKS CORPORATION d/b/a and/or a/k/a STARBUCKS COFFEE COMPANY, its agents, servants and/or employees.

53.    That the foregoing accident and the injuries resulting therefrom to the Plaintiff, JOANNE HICKS a/k/a JOANNE HICKS-CAMPBELL, were in no way caused by the carelessness, negligence, wrongdoing and/or want of care on the part of the Plaintiff, JOANNE HICKS a/k/a JOANNE HICKS-CAMPBELL, contributing thereto.

54.    That one or more of the exceptions to CPLR §1602 are applicable to the instant cause of action, including, but not limited to, CPLR §1602, subdivision (7).

55.    That as a result of the foregoing, the Plaintiff, JOANNE HICKS a/k/a JOANNE HICKS-CAMPBELL, has been damaged in amount of damages that exceeds the jurisdictional limits of all lower courts which otherwise would have jurisdiction.

**WHEREFORE,** the Plaintiff, JOANNE HICKS a/k/a JOANNE HICKS-CAMPBELL, herein demands judgment against the Defendant in an amount of damages that exceeds the jurisdictional limits of all lower courts which otherwise would have jurisdiction, together with the costs and disbursements of this

16

Case 1:21-cv-04709 Document 1-1 Filed 05/26/21 Page 18 of 54

action.

Dated: Mineola, New York          Yours, etc.,
       December 30, 2020

LAW OFFICES OF JOSEPH M. LICHTENSTEIN

By: T. McKinley Thornton, Esq.
*Attorneys for Plaintiff*
170 Old Country Road, Suite 615
Mineola, New York 11501
Tel: (516) 873-6300
Fax: (516) 873-7986
E-Mail: TMThornton@jml-law.com

17

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF NASSAU           )

The undersigned, an attorney duly admitted to practice law before the Courts of the State of New York State, shows:

Deponent is an attorney with the law firm of the attorneys of record for the Plaintiff in the within action; Deponent has read the foregoing Complaint and knows the contents thereof; the same is true to Deponent's own knowledge, except as to those matters therein stated to be alleged upon information and belief, and, as to those matters, Deponent believes them to be true.

This Verification is made by Deponent and not by the Plaintiff by reason of the fact that the Plaintiff does not reside in the County wherein Deponent has his office.

Dated:  Mineola, New York
        December 30, 2020

T. McKINLEY THORNTON, ESQ.

**FILED: NEW YORK COUNTY CLERK 01/11/2021 10:48 AM** INDEX NO. 161385/2020
NYSCEF DOC. NO. 09 RECEIVED NYSCEF: 01/11/2021

Case 1:21-cv-04709 Document 1-1 Filed 05/26/21 Page 20 of 54

Index # **161385/2020**

Purchased/Filed: December 31, 2020

STATE OF New York

Court: Supreme

County/District: New York

## AFFIDAVIT OF SERVICE

_Joanne Hicks a/k/a Joanne Hicks-Campbell_

Plaintiff(s)/Petitioner(s)

vs

_Starbucks Corporation d/b/a and/or a/k/a Starbucks Coffee Company_

Defendant(s)/Respondent(s)

STATE OF **NEW YORK**      COUNTY OF **ALBANY**

Christopher Warner                     , being duly sworn deposes and says deponent is not a party herein, is over the age of eighteen years and resides in the State of New York. That on     January 4, 2021     at     12:15 pm

at _____ c/o Corporation Service Company, 80 State St., Albany, NY 12207 _____ deponent did serve the following :
(Address where service was accomplished.)

### Summons & Verified Complaint, Notice of Electronic Filing (Mandatory Case), Confirmation Notice

on:          **Starbucks Corporation d/b/a and/or a/k/a Starbucks Coffee Company**

_____ Defendant _____ (herein called recipient) therein named.     , SS.:

| | |
|---|---|
| **#1 INDIVIDUAL** ☐ | By delivering a true copy of each to said recipient personally; deponent knew the person served to be the person described as said person therein. |
| **#2 CORP.** ☒ | A corporation, by delivering thereat a true copy of each to _____ Judy Carkner _____ personally, deponent knew said corporation so served to be the corporation, described in same as said recipient and knew said individual to be _____ Authorized Agent _____ thereof. |

Service was made in the following manner after your deponent was unable, with due diligence, to serve the defendant in person, including an effort to reach the defendant by telephone, (if such telephone number was available) and an attempt to locate the defendant's place of employment.

| | |
|---|---|
| **#3 SUITABLE AGE PERSON** ☐ | By delivering a true copy of each to _____ a person of suitable age and discretion who agreed to accept on behalf of the party.. Said premises is recipient's:     [ ] dwelling house (usual place of abode).     [ ] actual place of business |
| **#4 AFFIXING TO DOOR** ☐ | By affixing a true copy of each to the door of said premises, which is recipient's [ ] actual place of business [ ] dwelling house (usual place of abode) within the state. |
| **#5 MAILING COPY** ☐ | On _____ deponent completed service under the last two sections by depositing a copy of the above listed documents to the above address in a First Class postpaid properly addressed plain envelope marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office in the State of New York. |

The outside of the envelope did not include a return address or indicate that the communication was from an attorney. Deponent called at the aforementioned address on the following dates and times:

| | | | | |
|---|---|---|---|---|
| on the _____ | day of _____ | | at _____ | |
| on the _____ | day of _____ | | at _____ | |
| on the _____ | day of _____ | | at _____ | |
| on the _____ | day of _____ | | at _____ | |
| on the _____ | day of _____ | | at _____ | |

| | |
|---|---|
| **#6 DESCRIPTION** ☒ (use with #1, 2 or 3) | A description of the person served is as follows: Sex _Female_ Color of skin _White_ Hair _Gray_ Approx.Age _51 - 65 Yrs._ Approx.Height _5' 4" - 5' 8"_ Approx. weight _131 - 160 Lbs._ Other _____ |
| **#7 WIT. FEES** ☐ | $ _____ the authorizing traveling expenses and one day's witness fee was paid (tendered) to the recipient. |
| **#8 NON MIL** ☒ | To the best of my knowledge and belief, said person was not presently in military service of the United States Government or on active duty in the military service in the State of New York at the time of service. |

Sworn to before me on this

5th   day of         January 2021

Notary Public
YVONNE STRAIN
NOTARY PUBLIC, State of New York
01ST6314054, Schenectady
Commission Expires November 3, 2022

Christopher Warner

**Invoice•Work Order #  2040667**

Attorney File #  **2030181**

1 of 1

Case 1:21-cv-04709  Document 1-1  Filed 05/26/21  Page 21 of 54

THE STATE OF NEW YORK
SUPREME COURT: COUNTY OF NEW YORK

JOANNE HICKS a/k/a
JOANNE HICKS-CAMPBELL,

           **VERIFIED ANSWER**

        Plaintiff,

v.

           Index No.: 161385/2020

STARBUCKS CORPORATION d/b/a and/or
a/k/a STARBUCKS COFFEE COMPANY,

        Defendant.

    Defendant, Starbucks Corporation d/b/a Starbucks Coffee Company (incorrectly sued herein as "Starbucks Corporation d/b/a and/or a/k/a Starbucks Coffee Company") (hereinafter "Starbucks"), by its attorneys, Goldberg Segalla LLP, answers the Verified Complaint of the Plaintiff as follows:

    1.  Starbucks denies having knowledge or information sufficient to form a belief as to allegations contained in paragraph 1 of the Verified Complaint.

    2.  Starbucks denies the allegations contained in paragraph 2 of the Verified Complaint.

    3.  Starbucks denies the allegations contained in paragraph 3 of the Verified Complaint except admits that at certain times not specifically set forth in the Verified Complaint, Starbucks was and still is a foreign corporation duly organized and existing by virtue of the laws of the State of Washington, is authorized to transact business in the State of New York, and otherwise begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

    4.  Starbucks denies the allegations contained in paragraph 4 of the Verified Complaint except admits that at certain times not specifically set forth in the Verified Complaint, Starbucks was and still is a foreign corporation duly organized and existing by virtue of the laws of the State

28790660.v1

of Washington, is authorized to transact business in the State of New York, and otherwise begs

leave to refer all questions of law to the court and all questions of fact to the trier thereof.

5.      Starbucks denies the allegations contained in paragraph 5 of the Verified

Complaint.

6.      Starbucks admits only that it operated a retail store located on the Concourse Level

of the premises located at 1 Penn Plaza, New York, New York at certain times not specifically set

forth in the Verified Complaint, and denies the remaining allegations contained in paragraph 6 of

the Verified Complaint.

7.      Starbucks denies the allegations contained in paragraph 7 of the Verified

Complaint.

8.      Starbucks denies the allegations contained in paragraph 8 of the Verified

Complaint.

9.      Starbucks admits only that it leased property for a retail store located on the

Concourse Level of the premises located at 1 Penn Plaza, New York, New York at certain times

not specifically set forth in the Verified Complaint, and denies the remaining allegations contained

in paragraph 9 of the Verified Complaint.

10.     Starbucks denies the allegations contained in paragraph 10 of the Verified

Complaint.

11.     Starbucks denies the allegations contained in paragraph 11 of the Verified

Complaint.

12.     Starbucks denies the allegations contained in paragraph 12 of the Verified

Complaint.

2

13.     Starbucks denies the allegations contained in paragraph 13 of the Verified Complaint.

14.     Starbucks admits only that it operated a retail store located on the Concourse Level of the premises located at 1 Penn Plaza, New York, New York at certain times not specifically set forth in the Verified Complaint, and denies the remaining allegations contained in paragraph 14 of the Verified Complaint.

15.     Starbucks denies the allegations contained in paragraph 15 of the Verified Complaint.

16.     Starbucks denies the allegations contained in paragraph 16 of the Verified Complaint.

17.     Starbucks denies the allegations contained in paragraph 17 of the Verified Complaint.

18.     Starbucks denies the allegations contained in paragraph 18 of the Verified Complaint.

19.     Starbucks denies the allegations contained in paragraph 19 of the Verified Complaint.

20.     Starbucks denies the allegations contained in paragraph 20 of the Verified Complaint.

21.     Starbucks denies the allegations contained in paragraph 21 of the Verified Complaint.

22.     Starbucks denies the allegations contained in paragraph 22 of the Verified Complaint.

3

23.     Starbucks denies the allegations contained in paragraph 23 of the Verified Complaint.

24.     Starbucks denies the allegations contained in paragraph 24 of the Verified Complaint.

25.     Starbucks denies the allegations contained in paragraph 25 of the Verified Complaint.

26.     Starbucks denies the allegations contained in paragraph 26 of the Verified Complaint.

27.     Starbucks denies the allegations contained in paragraph 27 of the Verified Complaint.

28.     Starbucks admits only that it operated a retail store located on the Concourse Level of the premises located at 1 Penn Plaza, New York, New York at certain times not specifically set forth in the Verified Complaint, and denies the remaining allegations contained in paragraph 28 of the Verified Complaint.

29.     Starbucks admits only that it operated a retail store located on the Concourse Level of the premises located at 1 Penn Plaza, New York, New York at certain times not specifically set forth in the Verified Complaint, and denies the remaining allegations contained in paragraph 29 of the Verified Complaint.

30.     Starbucks denies the allegations contained in paragraph 30 of the Verified Complaint.

31.     Starbucks denies the allegations contained in paragraph 31 of the Verified Complaint.

4

32.      Starbucks denies the allegations contained in paragraph 32 of the Verified Complaint.

33.      Starbucks denies the allegations contained in paragraph 33 of the Verified Complaint.

34.      Starbucks denies the allegations contained in paragraph 34 of the Verified Complaint.

35.      Starbucks denies the allegations contained in paragraph 35 of the Verified Complaint.

36.      Starbucks denies the allegations contained in paragraph 36 of the Verified Complaint.

37.      Starbucks denies the allegations contained in paragraph 37 of the Verified Complaint.

38.      Starbucks denies the allegations contained in paragraph 38 of the Verified Complaint.

39.      Starbucks denies the allegations contained in paragraph 39 of the Verified Complaint.

40.      Starbucks denies the allegations contained in paragraph 40 of the Verified Complaint.

41.      Starbucks denies the allegations contained in paragraph 41 of the Verified Complaint.

42.      Starbucks denies the allegations contained in paragraph 42 of the Verified Complaint.

28790660.v1

43. Starbucks denies the allegations contained in paragraph 43 of the Verified Complaint.

44. Starbucks denies the allegations contained in paragraph 44 of the Verified Complaint.

45. Starbucks denies the allegations contained in paragraph 45 of the Verified Complaint.

46. Starbucks denies the allegations contained in paragraph 46 of the Verified Complaint.

47. Starbucks denies the allegations contained in paragraph 47 of the Verified Complaint.

48. Starbucks denies the allegations contained in paragraph 48 of the Verified Complaint.

49. Starbucks denies the allegations contained in paragraph 49 of the Verified Complaint.

50. Starbucks denies each and every allegation contained in paragraph 50 of the Verified Complaint.

51. Starbucks denies each and every allegation contained in paragraph 51 of the Verified Complaint.

52. Starbucks denies the allegations contained in paragraph 52 of the Verified Complaint.

53. Starbucks denies the allegations contained in paragraph 53 of the Verified Complaint.

6

54. Paragraph 54 of the Verified Complaint calls for a legal conclusion to which no response is required. To the extent the allegations in paragraph 54 require a response, Starbucks denies the allegations contained in paragraph 54.

55. Starbucks denies the allegations contained in paragraph 55 of the Verified Complaint.

56. Starbucks denies each and every other allegation of the Verified Complaint not hereinbefore specifically admitted, denied, or otherwise controverted.

### AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, STARBUCKS ALLEGES, UPON INFORMATION AND BELIEF:

57. The injuries and/or damages alleged in the Plaintiff's Verified Complaint were caused in whole or in part by the culpable conduct, want of care and assumption of risk on the part of the Plaintiff, and without negligence, fault or want of care on the part of Starbucks.

### AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, STARBUCKS ALLEGES, UPON INFORMATION AND BELIEF:

58. If Starbucks is found liable to the Plaintiff, its responsibility for the accident is less than fifty-one percent (51%) of the total liability assigned to all persons liable and, therefore, any recovery by Plaintiff for non-economic loss against Starbucks should be limited to their percentage of liability.

### AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, STARBUCKS ALLEGES, UPON INFORMATION AND BELIEF:

59. The Plaintiff's Verified Complaint fails to state a cause of action.

**AS AND FOR A FOURTH SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, STARBUCKS
ALLEGES, UPON INFORMATION AND BELIEF:**

60.     The Plaintiff's injuries, if any, were caused in whole or in part by a person or

persons who are not within the control of Starbucks.

**AS AND FOR A FIFTH SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, STARBUCKS
ALLEGES, UPON INFORMATION AND BELIEF:**

61.     That pursuant to §4545 and other applicable sections of the CPLR, Starbucks is

entitled to a set off against the amount of any verdict of any monies collected from a collateral

source of payment as set forth in said law.

**AS AND FOR A SIXTH SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, STARBUCKS
ALLEGES, UPON INFORMATION AND BELIEF:**

62.     Plaintiff has failed to mitigate her damages.

**AS AND FOR A SEVENTH SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, STARBUCKS
ALLEGES, UPON INFORMATION AND BELIEF:**

63.     The underlying incident and alleged resulting injuries were not proximately caused

by any action or inaction of Starbucks.

**AS AND FOR AN EIGHTH SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, STARBUCKS
ALLEGES, UPON INFORMATION AND BELIEF:**

64.     The conduct of the Plaintiff constituted the sole proximate cause of the incident.

**AS AND FOR A NINTH SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, STARBUCKS
ALLEGES, UPON INFORMATION AND BELIEF:**

65.     All risks and dangers at the time and place set forth as the location of the incident

as alleged in the Verified Complaint were open, obvious, and apparent.

**AS AND FOR A TENTH SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, STARBUCKS
ALLEGES, UPON INFORMATION AND BELIEF:**

66.     Starbucks asserts that the cause(s) of action alleged in the Verified Complaint are without merit and are frivolous and, as such, Starbucks demands that Plaintiff discontinue the cause(s) of action against Starbucks. If the cause(s) of action are not discontinued, Starbucks will seek an order awarding costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees, resulting from frivolous conduct as defined in 22 N.Y.C.R.R. §130, as against Plaintiff and/or counsel for Plaintiff.

**AS AND FOR AN ELEVENTH SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, STARBUCKS
ALLEGES, UPON INFORMATION AND BELIEF:**

67.     If the Plaintiff receives or has received sums of money in settlement of the claims asserted herein, Starbucks is entitled to the protection, provisions, and limitations of Section 15-108 of the General Obligations Law of the State of New York in reducing the claim of the Plaintiff against Starbucks by the amount stipulated in the Release, the amount of consideration paid for it or the amount of the released defendants' equitable share of the damages, whichever is the greatest.

**AS AND FOR A TWELFTH SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, STARBUCKS
ALLEGES, UPON INFORMATION AND BELIEF:**

68.     Plaintiff assumed the risk of her injuries.

**AS AND FOR A THIRTEENTH SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, STARBUCKS
ALLEGES, UPON INFORMATION AND BELIEF:**

69.     Starbucks reserves the right to assert additional affirmative defenses.

**WHEREFORE**, Starbucks demands judgment as follows:

    a.     Dismissing the Verified Complaint herein, or

28790660.v1

    b.    Reducing Plaintiff's recovery in the proportion to which the Plaintiff's culpable conduct, assumption of risk, and want of care bears to the culpable conduct which caused the Plaintiff's damages;

    c.    Determining the ultimate rights and responsibilities of Starbucks, including costs, disbursements, and interest, or for such proportionate share as represents the amount, degree or kind of culpable conduct attributable to Starbucks;

    d.    Limiting Plaintiff's recovery for non-economic loss against Starbucks to the percentage of responsibility attributed to Starbucks, if that percentage is less than fifty-one percent (51%), and

    e.    Such other and further relief as to this Court may seem just, proper, and equitable together with the costs and disbursements of this action.

Dated: Buffalo, New York
      January 20, 2021

                GOLDBERG SEGALLA LLP

                Joseph M. Hanna, Esq.
                *Attorney for Defendant*
                *Starbucks Corporation d/b/a*
                *Starbucks Coffee Company*
                665 Main Street
                Buffalo, New York 14203
                (716) 566-5400
                jhanna@goldbergsegalla.com

TO:    T. McKinley Thornton, Esq.
        Law Office of Joseph M. Lichtenstein
        *Attorneys for Plaintiff*
        170 Old Country Road, Suite 615
        Mineola, New York 11501
        (516) 873-6300
        TMThornton@jml-law.com

10

## ATTORNEY VERIFICATION

STATE OF NEW YORK    )
                           : ss.
COUNTY OF ERIE         )

JOSEPH M. HANNA, an attorney duly admitted to practice law in the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

1.    I am a Partner with Goldberg Segalla, LLP, attorneys for Defendant Starbucks Corporation d/b/a Starbucks Coffee Company;

2.    I have read the annexed Verified Answer to the Verified Complaint and know the contents thereof and the same are true to my knowledge except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief as to those matters therein not stated upon knowledge is based on the files maintained in my office;

3.    The reason that this Verification is made by your affirmant and not by the Defendant is that the Defendant is not in the County in which I maintain my office.

_____
Joseph M. Hanna, Esq.

Sworn to before me this
20th day of January, 2021

_____
Notary Public

SARAH A. WEISHEIT
NOTARY PUBLIC, STATE OF NEW YORK
Qualified in Chautauqua County
Commission Expires May 22, 20 21

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

------------------------------------------------------------------------X

JOANNE HICKS a/k/a JOANNE HICKS-CAMPBELL,        Index No.: 161385/2020

                                    Plaintiff,        VERIFIED BILL OF
                                                      PARTICULARS

                    -against-

STARBUCKS CORPORATION d/b/a and/or a/k/a
STARBUCKS COFFEE COMPANY,

                                    Defendant.

------------------------------------------------------------------------X

   Plaintiff, JOANNE HICKS a/k/a JOANNE HICKS-CAMPBELL, by her attorneys, LAW OFFICES OF JOSEPH M. LICHTENSTEIN, P.C., as and for her Verified Bill of Particulars, pursuant to the demand of the Defendant, STARBUCKS CORPORATION d/b/a and/or a/k/a STARBUCKS COFFEE COMPANY, alleges, upon information and belief as follows:

   1. The Plaintiff, JOANNE HICKS a/k/a JOANNE HICKS-CAMPBELL, is not known by any other names other than those which are stated above.

   2. The Plaintiff's residence address on the date of the incident and presently is 235 Rustic Road, Ronkonkoma, New York 11779.

   3. The Plaintiff's date of birth is ▮▮▮▮▮▮, 1962. The Plaintiff's social security number is ▮▮▮▮-2852.

   4. The subject accident occurred on or about Thursday, November 1, 2018, sometime in between approximately 7:00 PM and approximately 8:15 PM.

   5. The subject accident occurred at or about the building and/or premises known as Starbucks Store # 13791, located at 1 Penn Plaza, Concourse Level, in the City of New York, County of New York, State of New York.

   6. It is claimed that the subject accident occurred when the Plaintiff was lawfully traversing at or about building and/or premises known as Starbucks Store # 13791, located at 1 Penn Plaza, Concourse Level, in the City of New York, County of New York, State of New York, when she was caused to slip and fall and be violently precipitated to the ground.

   7. Indicate Exactly What Plaintiff was Doing at the Time of the Incident Alleged in the Plaintiff's Complaint – The Plaintiff objects to this question as same is an interrogatory and beyond the scope of permissible inquiry in a Demand for Verified Bill of Particulars pursuant to § 3043(a) of the CPLR.

1

8-9.    The subject accident and injuries sustained by the Plaintiff, JOANNE HICKS a/k/a JOANNE HICKS-CAMPBELL, as a result thereof, were caused through and by reason of the carelessness and negligence of the Defendant, STARBUCKS CORPORATION d/b/a and/or a/k/a STARBUCKS COFFEE COMPANY, its agents, servants and/or employees, in the ownership, operation, management, maintenance, inspection, repair, supervision, cleaning and/or control of the aforesaid building and/or premises; in that the Defendant, its agents, servants and/or employees, carelessly and negligently owned, managed, maintained, operated, supervised, controlled, inspected, cleaned and/or repaired the aforesaid building and/or premises; in that the Defendant, its agents, servants and/or employees, caused and/or created the aforesaid unsafe, hazardous, dangerous, defective, wet and/or slippery condition which gave rise to the subject accident involving the Plaintiff, JOANNE HICKS a/k/a JOANNE HICKS-CAMPBELL; in that the Defendant, its agents, servants and/or employees, carelessly and negligently caused and/or created the aforesaid unsafe, hazardous, dangerous, defective, wet and/or slippery condition which gave rise to the subject accident involving the Plaintiff, JOANNE HICKS a/k/a JOANNE HICKS-CAMPBELL; in that the Defendant, its agents, servants and/or employees, failed to provide and/or place warnings, by signage or otherwise, of the aforesaid unsafe, hazardous, dangerous, defective, wet and/or slippery condition which gave rise to the subject accident involving the Plaintiff, JOANNE HICKS a/k/a JOANNE HICKS-CAMPBELL; in that the Defendant, its agents, servants and/or employees, failed to barricade, block and/or cordon off the area where the subject accident occurred; in that the Defendant, its agents, servants and/or employees, carelessly and negligently failed to barricade, block and/or cordon off the area where the subject accident occurred; in that the Defendant, its agents, servants and/or employees, caused, created and/or allowed the aforesaid unsafe, hazardous, dangerous, defective, wet and/or slippery condition to exist and remain for an unreasonably long and extended period of time, despite having knowledge and/or notice of said condition; in that the Defendant, its agents, servants and/or employees, within the Defendant's aforementioned store and/or cafe, failed to conduct a reasonable inspection of the said premises; in that the Defendant, its agents, servants and/or employees, failed to remedy, correct, rectify and/or otherwise remove the aforementioned unsafe, hazardous, dangerous, defective, wet and/or slippery condition which gave rise to the subject accident; in that the Defendant, its agents, servants and/or employees, failed to remedy, correct, rectify and/or otherwise remove the aforementioned unsafe, hazardous, dangerous, defective, wet and/or slippery condition, which gave rise to the subject accident, in a reasonable and timely manner; in that the Defendant, its agents, servants and/or employees, failed to properly and/or adequately manage, maintain, operate, supervise, control, inspect, clean and/or repair the aforesaid premises, thereby causing, creating and/or allowing to exist the aforesaid unsafe, hazardous, dangerous, defective, wet and/or slippery condition which gave rise to the subject accident involving the Plaintiff, JOANNE HICKS a/k/a JOANNE HICKS-CAMPBELL; in that the Defendant, its agents, servants and/or employees, failed to warn the Plaintiff, JOANNE HICKS a/k/a JOANNE HICKS-CAMPBELL, and others lawfully at, about and/or within the aforesaid building and/or premises, of the unsafe, hazardous, dangerous, defective, wet and/or slippery condition which gave rise to the subject accident; in that the Defendant failed to properly and/or adequately train and/or instruct its agents, servants and/or employees; in that

2

Case 1:21-cv-04709   Document 1-1   Filed 05/26/21   Page 34 of 54

the Defendant carelessly and negligently trained and/or instructed its agents, servants and/or employees; in that the Defendant, its agents, servants and/or employees, failed to properly and timely attend to their duties in remedying the unsafe, hazardous, dangerous, defective, wet and/or slippery condition which gave rise to the subject accident; in that the Defendant, its agents, servants and/or employees, neglected their duties in remedying the unsafe, hazardous, dangerous, defective, wet and/or slippery condition which gave rise to the subject accident; in that the Defendant, its agents, servants and/or employees, prevented and/or obstructed and/or obscured the Plaintiff from recognizing the unsafe, hazardous, dangerous, defective, wet and/or slippery condition which gave rise to the subject accident; in that the Defendant, its agents, servants and/or employees, prevented and/or obstructed and/or obscured the Plaintiff's view of signage (if any existed) pertaining to the unsafe, hazardous, dangerous, defective, wet and/or slippery condition which gave rise to the subject accident; in that the Defendant, its agents, servants and/or employees, interfered with the Plaintiff recognizing the unsafe, hazardous, dangerous, defective, wet and/or slippery condition which gave rise to the subject accident; in that the Defendant, its agents, servants and/or employees, interfered with the Plaintiff's view of signage (if any existed) pertaining to the unsafe, hazardous, dangerous, defective, wet and/or slippery condition which gave rise to the subject accident; and the Defendant, STARBUCKS CORPORATION d/b/a and/or a/k/a STARBUCKS COFFEE COMPANY, its agents, servants and/or employees, were otherwise careless and negligent in failing to take proper and suitable precautions to prevent the aforesaid accident and the injuries to the Plaintiff, JOANNE HICKS a/k/a JOANNE HICKS-CAMPBELL, resulting therefrom.

10.    It is claimed that the unsafe, hazardous, dangerous, and defective condition that caused and/or contributed to Plaintiff's injuries was a wet and/or slippery floor existing within building and/or premises known as Starbucks Store # 13791, located at 1 Penn Plaza, Concourse Level, in the City of New York, County of New York, State of New York.

11.    The Plaintiff, JOANNE HICKS a/k/a JOANNE HICKS-CAMPBELL, alleges that the Defendant by its agents, servants and/or employees, caused, allowed, permitted and/or created the unsafe, hazardous, dangerous, defective, wet and/or slippery condition, which gave rise to the subject accident, said condition existing within the building and/or premises known as Starbucks Store # 13791, located at 1 Penn Plaza, Concourse Level, in the City of New York, County of New York. However, the Plaintiff presently is not aware of who specifically caused and/or created said condition in that it is respectfully alleged that said information is within the exclusive knowledge of the Defendant, its agents, servants and/or employees, and awaits further discovery.

12.    The Plaintiff, JOANNE HICKS a/k/a JOANNE HICKS-CAMPBELL, alleges that the Defendant, STARBUCKS CORPORATION d/b/a and/or a/k/a STARBUCKS COFFEE COMPANY, by its agents, servants and/or employees, had both actual and constructive notice of the unsafe, hazardous, dangerous, defective, wet and/or slippery condition which gave rise to the subject accident.

13.    Although it is claimed that the Defendant, STARBUCKS CORPORATION d/b/a

3

and/or a/k/a STARBUCKS COFFEE COMPANY, had actual notice of the unsafe, hazardous, dangerous, defective, wet, and/or slippery condition which gave rise to the subject accident, to whom said notice was communicated, the date(s) of each notice, the substance of each notice and whether such notice was oral or written is within the sole possession and/or knowledge of the Defendant, STARBUCKS CORPORATION d/b/a and/or a/k/a STARBUCKS COFFEE COMPANY, its agents, servants, and/or employees, and/or awaits further discovery.

14.     The Plaintiff, JOANNE HICKS a/k/a JOANNE HICKS-CAMPBELL, claims constructive notice in that the Defendant, STARBUCKS CORPORATION d/b/and/or a/k/a STARBUCKS COFFEE COMPANY, its agents, servants, and/or employees, knew or should have known that the unsafe, hazardous, dangerous, defective, wet, and/or slippery condition which gave rise to the subject accident, existed for such a long and unreasonable period of time prior to the subject accident but failed to remedy same. It is claimed that the unsafe, hazardous, dangerous, defective, wet and/or slippery condition complained of was caused, allowed and/or permitted to exist and remain for an extended and unreasonable period of time prior to the date and time of the subject accident, and that a reasonable inspection by the Defendant, STARBUCKS CORPORATION d/b/a and/or a/k/a STARBUCKS COFFEE COMPANY, its agents, servants and/or employees, of the building and/or premises known as Starbucks Store # 13791, located at 1 Penn Plaza, Concourse Level, in the City of New York, County of New York, State of New York, would have revealed the existence of same. The Plaintiff reserves the right to supplement this response upon the completion of discovery.

15.     State the Reason Plaintiff was on the Premises at the Time of the Incident – The Plaintiff, JOANNE HICKS a/k/a JOANNE HICKS-CAMPBELL, objects to this question as same is an interrogatory and beyond the scope of permissible inquiry in a Demand for Verified Bill of Particulars pursuant to § 3043(a) of the CPLR. Subject to and without waiving the foregoing objection, the Plaintiff, JOANNE HICKS a/k/a JOANNE HICKS-CAMPBELL, the Plaintiff, JOANNE HICKS a/k/a JOANNE HICKS-CAMPBELL, was a customer who was lawfully traversing on, at and/or about the building and/or premises known as Starbucks Store # 13791, located at 1 Penn Plaza, Concourse Level, in the City of New York, County of New York, State of New York, when she was caused to slip, fall, and be precipitated to the ground as a result of an unsafe, hazardous, dangerous, defective, wet and slippery condition existing at the location of the subject accident.

16.     Although it is being claimed that the Plaintiff's injuries were caused due to the fault and/or negligence of an agent(s), servant(s) and/or employee(s) of the Defendant, STARBUCKS CORPORATION d/b/a and/or a/k/a STARBUCKS COFFEE COMPANY, the name and title of said agent(s), servant(s) and/or employee(s) is within the sole possession and/or knowledge of the Defendant, STARBUCKS CORPORATION d/b/a and/or a/k/a STARBUCKS COFFEE COMPANY, its agents, servants, and/or employees, and/or awaits further discovery.

17.     As a result of the subject accident, the Plaintiff, JOANNE HICKS a/k/a JOANNE HICKS-CAMPBELL, suffered from the following serious, severe, and permanent personal injuries:

4

Case 1:21-cv-04709  Document 1-1  Filed 05/26/21  Page 36 of 54

REGARDING THE CERVICAL SPINE

- Superimposed central disc herniation at the C3-4 level, indenting the thecal sac, with left foraminal encroachment and encroachment upon the left C4 nerve root;
- Central disc herniation at the C4-5 level, compressing the ventral cord and bilateral C5 nerve root impingement;
- Broad-based disc herniation at the C6-7 level, flattening the ventral thecal sac with left foraminal encroachment;
- Disc bulge at the C3-4 level;
- Straightening of the cervical lordosis;
- Cervical spine sprain/strain;
- Pain, tenderness, and restricted/limited/decreased range of motion in the cervical spine.

REGARDING THE LUMBOSACRAL SPINE

- Diffuse bulging disc at the L4-5 level;
- Bilateral lumbosacral radiculopathy;
- Lumbar spine sprain/strain;
- Pain, tenderness, and restricted/limited/decreased range of motion in the lumbar spine.

OTHER

- Carpal Tunnel Syndrome;
- Pain, tenderness, and restricted/limited/decreased range of motion in the left shoulder;
- Difficulty sleeping.

All of the injuries above referred to herein, their manifestations, resulting disabilities and involvements, are claimed to have resulted in limitation of motion, loss of use and loss of function. Said injuries may, if they progress or fail to heal, require surgery, and are associated with further soft tissue injury to the areas traumatically affected, including tearing, derangement, involvement of and damage to the surrounding muscles and muscle groups, ligaments, tendons, blood vessels, and blood supply, nerves and nerve tissue, epithelial tissue, body tissues and bone structure, all concomitant to the specific injuries and related to the various portions mentioned herein, with resultant pain, deformity, disability, stiffness, weakness, swelling, tenderness, edema, atrophy, ecchymosis, impairment of use, restriction and limitation of motion, pain on motion, possible loss of use, atrophy, disfigurement and have all prevented and will continue to prevent enjoyment of the normal fruits of life and its daily activities (including but not limited to physical, social, educational, recreational, and economic) and the enjoyment of life has been permanently and substantially impaired, impeded, diminished, and reduced.

18.     All of the above injuries, together with their residuals and sequelae, except those

5

of a superficial nature, inclusive of those injuries, if any, pre-existing the accident and that were re-aggravated and re-exacerbated by the subject accident, are permanent, progressive and continuing in nature. The Plaintiff reserves her right to supplement this Bill of Particulars when further medical information becomes available and relies also on any and all injuries that are mentioned in the medical reports and/or hospital records submitted herewith, or that will be submitted in the future or if and when the attorneys for the Plaintiff are provided with further medical records indicating further injuries not included in this Bill of Particulars.  In addition, it is claimed that said injuries have directly adversely affected the nerves, tissues, blood vessels, muscles, ligaments, cartilages, tendons, bones, and soft parts in and about the sites of the above-mentioned areas of the injury, including the central nervous system, muscular system, and skeletal system. Also, with advancing years there will be naturally and medically related complications and exacerbations, including but not limited to predisposition to early onset of arthritic changes and spinal instability with possible need for surgery in the future.  The aforesaid have and will continue in the future to affect every facet of the Plaintiff's pre-accident way of life with resultant damages.  The Plaintiff will introduce upon the trial herein testimony and proof in conjunction with all of the injuries, conditions, manifestations, and sequelae which will be permanent, and reserves the right to adduce proof with respect thereto at the time of trial.

19.    It is alleged that the subject accident **may have** caused the Plaintiff an aggravation and/or exacerbation and/or re-activation of a pre-existing latent and/or asymptomatic cervical spine and lumbar spine condition, which has potentially caused the Plaintiff pain, suffering, disability and/or decreased/limited/restricted range of motion in the cervical spine and the lumbosacral spine.

20.    It is claimed that the Plaintiff sustained limitation of motion, loss of use, or loss of function to the cervical spine, the lumbosacral spine, and the left shoulder as a result of the injuries sustained as a result of the subject accident.

21.    (a)    As a result of the subject accident and the injuries sustained therefrom, the Plaintiff was not treated at and/or confined to any hospitals.

(b)    It is impossible to state with any reasonable degree of certainty the exact period of time that the Plaintiff was confined to her bed immediately following the subject accident, except to state that there were periods of bed confinement immediately following the subject accident, with the exception of necessary medical aid, treatment and attention.

(c)    It is impossible to state with any reasonable degree of certainty the exact period of time that the Plaintiff was confined to her home immediately following the subject accident, except to state that there were substantial periods of home confinement immediately following the subject accident, with the exception of necessary medical aid, treatment and attention.

(d)    Not applicable. As a result of the subject accident and the injuries sustained therefrom, the Plaintiff was not confined to and/or treated at any rehabilitation facilities.

6

22.     As a result of the subject accident and the injuries sustained therefrom, the Plaintiff has been partially incapacitated from her usual, regular, and normal household, job-related, and daily activities from the date of the subject accident, November 1, 2018, up to the present time and continuing for an indefinite period of time in the future.

23.     Not applicable. The Plaintiff is not making any claims for loss of earnings and/or loss of wages as result of the subject accident and the injuries sustained therefrom.

24.     Not applicable. The Plaintiff was not self-employed at the time of the subject accident.

25.     Upon information and belief, all medical expenses have been paid by Emblem Health, through health insurance benefits provided to the Plaintiff. The address for said health insurance company is 55 Water Street, New York, New York 10041. Policy No.: ███████/Member ID Number: ████████. The Plaintiff claims the amounts of any and all liens for medical expenses paid on behalf of the Plaintiff as an item of special damages. The Plaintiff claims the following as and for her anticipated future special damages:

| | | |
|---|---|---|
| a. | Physician Services: | $1,000,000.00; |
| b. | Medical Supplies: | $500,000.00; |
| c. | Loss of Earnings: | Not applicable; |
| d. | X-Rays: | $500,000.00; |
| e. | Hospital Expense: | $1,000,000.00; |
| f. | Nurses Services: | $1,000,000.00; |
| g. | Other: | To be provided, if applicable. |

26-27. The Plaintiff will ask the Court at the time of trial of this action to take Judicial Notice of all statutes, laws, rules, regulations and ordinances violated by the Defendant, through its agents, servants and/or employees. At the present time, the Plaintiff is not aware of any specific statutes, laws, rules, regulations and ordinances violated by the Defendant, by and through its agents, servants and/or employees, but respectfully allege that such a response awaits further discovery.

28.     State in What Manner it is Alleged That Starbucks Negligently and/or Carelessly Controlled, Maintained, and/or Operated the Premises so as to Permit any Alleged Dangerous and/or Defective Condition to Exist – The Plaintiff objects to this question as same is an interrogatory and beyond the scope of permissible inquiry in a Demand for Verified Bill of Particulars pursuant to § 3043(a) of the CPLR.

29.     State the Number of Times Plaintiff was on the Premises Prior to the Claimed Incident – The Plaintiff objects to this question as same is an interrogatory and beyond the scope

7

of permissible inquiry in a Demand for Verified Bill of Particulars pursuant to § 3043(a) of the CPLR.

30.    State the Name and Address of Each Person in the Immediate Vicinity of Plaintiff at the Time of the Incident – The Plaintiff objects to this question as same is an interrogatory and beyond the scope of permissible inquiry in a Demand for Verified Bill of Particulars pursuant to § 3043(a) of the CPLR.

The Plaintiff reserves the right to amend and/or supplement any and all of the foregoing responses up to an including the time of trial.

Dated: Mineola, New York
    April 30, 2021

Yours, etc.,

**LAW OFFICES OF JOSEPH M. LICHTENSTEIN, P.C.**
By: T. McKinley Thornton, Esq.
*Attorneys for Plaintiff*
170 Old Country Road, Suite 615
Mineola, New York 11501
Tel: (516) 873-6300
Fax: (516) 873-7986
E-Mail: TMThornton@jml-law.com

TO:    **GOLDBERG SEGALLA, LLP.**
    *Attorneys for Defendant*
    STARBUCKS CORPORATION d/b/a and/or a/k/a
    STARBUCKS COFFEE COMPANY
    665 Main Street
    Buffalo, New York 14203
    (716) 566-5400

8

Case 1:21-cv-04709 Document 1-1 Filed 05/26/21 Page 40 of 54

## ATTORNEY'S VERIFICATION

T. McKinley Thornton, Esq., an attorney duly admitted to practice law before the Courts of the State of New York, affirms the truth of the following, under the penalties for perjury: I am an attorney in the Law Offices of Joseph M. Lichtenstein, P.C., counsel of record for the Plaintiff in the within action, JOANNE HICKS a/k/a JOANNE HICKS-CAMPBELL; I have read the foregoing VERIFIED BILL OF PARTICULARS, and know the contents thereof; the same is true to my own knowledge, except as to those matters said to be upon information and belief, and, as to those matters, I believe them to be true.

This verification is submitted by the undersigned because the Plaintiff is not in the county where my firm maintains its office.

Dated: Mineola, New York
April 30, 2021

**T. MCKINLEY THORNTON, ESQ.**

9

Case 1:21-cv-04709  Document 1-1  Filed 05/26/21  Page 41 of 54

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

----------------------------------------------------------------------X

JOANNE HICKS a/k/a JOANNE HICKS-CAMPBELL,  Index No.: 161385/2020

        Plaintiff,    PLAINTIFF'S COMBINED
              DISCOVERY DEMANDS

    -against-

STARBUCKS CORPORATION d/b/a and/or a/k/a
STARBUCKS COFFEE COMPANY,

        Defendant.

----------------------------------------------------------------------X

    S I R S :

    PLEASE TAKE NOTICE, that the Defendant herein, pursuant to § 3101 et seq. and Rule 3120 of the CPLR, are required to produce and permit discovery, inspection and copying to be made by the Plaintiff and the Plaintiff's attorneys of the following items, writings, and objects maintained, controlled and/or supervised by the Defendant and/or the Defendant's agents, servants, and/or employees.  In lieu of strict compliance with the terms and conditions of this Notice, the undersigned will accept clearly legible photocopies of the said items if received by the undersigned at least five (5) days prior to the return date hereof together with a letter from Defendant's attorneys advising as to the completeness of the items provided.

<u>PARTY STATEMENTS</u>

    1.  Any and all statements, abstracts recordings, or writings of the Plaintiff in the possession of the Defendant with reference to the within litigation.  CPLR § 3101 and § 3120.

    (a)  If oral statements, state the sum and substance of each said statement and indicate:

      i.  Date, time, and place when such oral statement was made and or taken.

      ii.  The manner in which such oral statement was made and/or taken.

      iii.  By whom and/or to whom such statement was made and/or taken.

      iv.  Who was present at the time such statement was made and/or taken. Provide the name and last known address of such person(s).  If such witness is a police officer or member of a law enforcement agency, provide name, rank, shield number and address of current command.

    (b)  If written statements, provide an exact copy of same.

(c)     If an audio recording of such statement was made, provide an exact copy of same.

Pursuant to CPLR § 3101(a) and § 3120, you are required to reproduce any and all statements in the possession, custody or control of any party you represent in this action and/or on whose behalf such statements were taken from the Plaintiff whom we represent, or from any agent, servant or employee of such Plaintiff, whether such statements, were oral, written or electronically recorded, irrespective of whether or not such statements have been transcribed or reduced to written or typed form.

## PHOTOGRAPHS & VIDEOS

2.     Any photographs either still, motion picture or videotape taken of the Plaintiff purporting to depict the Plaintiff in any manner.  Include any and all surveillance materials, including but not limited to films, videotapes or photographs, depicting or alleging to depict, the Plaintiff, now in your possession, custody or control, or in the possession, custody or control of any party you represent in this action.  See DiMichel v. South Buffalo Ry. Co., 80 N.Y.2d 184, 590 N.Y.S.2d 1 (1992).

2a.     Any and all videotapes and/or recordings of the building and/or premises known as Starbucks Store # 13791, located at 1 Penn Plaza, Concourse Level, in the City of New York, County of New York, State of New York, taken on November 1, 2018, between the hours of 6:00 p.m. and 9:00 p.m., inclusive.

*In accordance with CPLR § 3101(h)(i), "there shall be full disclosure of any films, photographs, video tapes or audio tapes, including transcripts or memoranda thereof involving a person referred to in paragraph one of subdivision (a) of this section.  There shall be disclosure of all portions of such material, including out-takes, rather than only those portions a party intends to use."  If the Defendants possess a tape which they do not intend to use at trial, same must be produced in accordance with CPLR § 3101(h)(i). See McKinneys Commentary C3101:50. Disclosure of Surveillance Materials: The 1993 Addition of Subdivision (i).*

Include time records, records of amount of footage of film or videotape used, the type of equipment used to take, develop and convert such film or videotape, the make and model of all equipment, lenses and range settings employed by the Defendants and/or Defendants' photographers, investigators and others utilized or associated in conjunction with the surveillance, tape recordings, etc. of the injured Plaintiff.

3.     All photographs under the control of the Defendants or Defendant's attorneys and/or representatives showing the condition of the scene alleged to represent, or in part represent, the scene as of the time of the subject accident and intended to be introduced at the trial for that purpose.

The discovery materials enumerated above require the production of all requested materials, not merely the portions which the Defendants will select to proffer into evidence at the trial of this action; strenuous objection will be interposed to "selective" offers of proof without

requisite disclosure of all such materials which were garnered by, for and/or on behalf of the Defendants, their attorneys, investigators and/or all those associated and/or connected with this litigation.

## ACCIDENT REPORTS

4.    A copy of any and all accident and/or incident reports filed by the Defendant and/or its agents following the happening of the subject accident and taken in the normal course of business. Include any written report of the accident prepared in the regular course of business operations or practice of any person, firm, corporation, association or other public or private entity.  Please Note: All accident reports prepared in the regular course of business must be disclosed even if the report was prepared exclusively for litigation, except if it is protected with conditional immunity under § 3101(g). See James v. Metro North Commuter R.R., 166 A.D.2d 266, 560 N.Y.S.2d 459 (1st Dept. 1990); Crazytown Furniture v. Brooklyn Union Gas Co., 145 A.D.2d 402, 535 N.Y.S.2d 401 (2d Dept. 1988); Miranda v. Blair Tool & Mach. Corp., 114 A.D.2d 941, 942, 495 N.Y.S.2d 208 (2d Dept. 1985); Paraki v. Kiseda, 80 A.D.2d 100, 437 N.Y.S.2d 692 (2d Dept. 1981), lv. dismissed, 54 N.Y.2d 831, 443 N.Y.S.2d 1029. Also, multipurpose reports are not exempt from disclosure under CPLR § 3101(d)(2) where litigation is but one of the motives for their preparation.  Landmark Ins. Co. v, Beau Rivage Rest., 121 A.D.2d 98, 102 , 509 N.Y.S.2d 819 (2d Dept. 1986); Westhampton Adult Home v. National Union Fire Ins. Co. of Pittsburgh, Pa.,105 A.D.2d 627, 628, 481 N.Y.S.2d 358 (1st Dept. 1984).

State whether any such accident or incident report exists for which immunity is claimed.

## WITNESSES

5.    (a)    The names and last known addresses of all persons claimed by the Defendant to have either witnessed the subject accident or to have firsthand knowledge of the facts relevant to its occurrence, whether obtained by the Defendant at the situs of the subject accident or thereafter obtained by Defendant's attorneys or representatives.

(b)    The names and last known addresses of all persons believed by the Defendant to be present at or about the time of the taking of any Accident Report.

(c)    The names and last known addresses of all persons with knowledge of any alleged condition which purportedly caused the occurrence alleged in the Complaint. Include any such person who is a "notice" witness who alleges that the Plaintiff had actual or constructive notice of the condition that caused the injury or who would allege that the Plaintiff contributed to causing the accident or such person who may have actual or constructive notice of the conditions proximately causing this occurrence, whether obtained by the Defendant at the situs of the subject accident or thereafter obtained by the Defendant's attorneys or representatives.

(d)    The names and addresses of any person or persons who will be called at trial to testify as to the Plaintiff physical condition or physical capacities either before or after the subject accident in question.

(e)   The names and last known addresses of all agents, servants and/or employees of the Defendant who had performed maintenance work or were scheduled to perform maintenance work within building and/or premises known as Starbucks Store # 13791, located at 1 Penn Plaza, Concourse Level, in the City of New York, County of New York, State of New York, State of New York, for a 24-hour period prior to and including November 1, 2018.

(f)   The identities of all investigators and/or photographers who filmed, tape recorded, etc., the injured Plaintiff or were otherwise involved in the filming, videotaping, tape recording, etc. of the injured Plaintiff.

As to (a) through (e), the Plaintiff will object at the time of trial to the testimony of any such persons not so identified. Zellman v. Metropolitan Transportation Authority 40 A.D. 2d 248; 339 N.Y.S. 2d 255 (2d Dept. 1973); Zayas v. Morales 45 A.D. 2d 610. If the Defendants and/or Defendants' representatives obtain the names and/or addresses of such persons who witnessed the accident or have firsthand knowledge of the facts relevant to its occurrence subsequent to the service of this notice, this information is to be furnished to the Plaintiff's attorneys whenever obtained. If no such persons are known to the Defendants or their representatives, so state in reply to this demand.

## EXPERT INFORMATION

6.   Identify each person the Defendants expect to call as an expert witness at trial and "disclose in reasonable detail the subject matter on which each expert is expected to testify, the substance of the facts and opinions on which each expert is expected to testify, the qualifications of each expert witness and a summary of the grounds for each expert's opinion." CPLR § 3101(d).

## CONTENTS OF INSURANCE AGREEMENT

7.   A complete, true and accurate copy of the original policies of insurance covering each and every primary, contributing, umbrella and/or excess liability insurance agreement under which any person or entity carrying on any insurance business may be liable to satisfy part of all of a judgment which may be entered in this action against any and/or all Defendants or to indemnify or reimburse for payment(s) made to satisfy such a judgment. Also provide a copy of the face sheet of the policy as a letter will not suffice: include the policy limits of any and all such agreements, the full name and address of each such insurer and the policy number(s).

Please provide sworn affidavits of excess or no excess coverage from each Defendant.

8.   Each and every insurance agreement in which the insurer is obligated to defend this action;

If there are any other claims pending or paid against any such insurance coverages arising out of the underlying occurrence:

The total amounts already paid from each policy;

The number of claims made against each policy;

The total AD DAMNUM of any pending claims against each policy; and

The net remaining insurance coverage available. Folgate v. Brookhaven Memorial Hospital, 86 Misc. 2d 191, 381 N.Y.S.2d 384 (Sup. Ct., Suffolk County, 1976).

If there are no other claims pending or paid, an affirmative statement to that effect is required (see Greenwald v, Eiseman, 502 N.Y.S.56; Kimball v. Davis, 81 A.D.2d 855, 438 N.Y.S.2d 860).

## DOCUMENTS

9.    Provide a complete, true and, accurate copy of all maintenance records with regard to the building and/or premises known as Starbucks Store # 13791, located at 1 Penn Plaza, Concourse Level, in the City of New York, County of New York, State of New York, for a 24-hour period prior to and including November 1, 2018.

10.    Provide the name or names of any agent(s) and/or employee(s) of the Defendant who were responsible for the maintenance of the building and/or premises known as Starbucks Store # 13791, located at 1 Penn Plaza, Concourse Level, in the City of New York, County of New York, State of New York, for the period of one week prior to the subject accident, stating the dates of service.  If no longer employed by the Defendant, provide the last known address of said agent(s) and/or employee(s).

11.    Provide requests for work orders, work logs, daily logs, and inspection reports and the like, if same exist, concerning maintenance work done within the building and/or premises known as Starbucks Store # 13791, located at 1 Penn Plaza, Concourse Level, in the City of New York, County of New York, State of New York, including, but not limited to records relating to Defendant's response to the alleged defective condition where the Plaintiff claimed she slipped.

12.    Provide copies of any and all records, notices or other memoranda or complaints made by anyone concerning any unsafe, hazardous, dangerous, defective, wet and/or slippery condition within the building and/or premises known as Starbucks Store # 13791, located at 1 Penn Plaza, Concourse Level, in the City of New York, County of New York, State of New York, for a one (1) year period prior to and including November 1, 2018, and a one (1) month period subsequent to November 1, 2018.

13.    Provide copies of any and all decisions, citations, records of inspection or building violations from the Federal Occupational Safety and Health Administration with regard to the subject premises, for a one (1) year period prior to and including the time and date of the Plaintiff's accident.

14.    All records (whether by lawsuit or otherwise) of prior similar occurrences which took place at the subject premises from a three (3) year prior to the subject accident through and

Case 1:21-cv-04709 Document 1-1 Filed 05/26/21 Page 46 of 54

including November 1, 2018.

15. Provide true and complete copies of all reports and files regarding the answering Defendants' investigations of the Plaintiff's accident, under the control or in the possession of said Defendant or said Defendant's attorneys and/or representatives.

16. Provide copies of any and all citations or safety violations issued to the answering Defendant as a result of the incident involving the Plaintiff.

<u>RULES AND REGULATIONS</u>

17. a. The Defendant's policies, rules, regulations, guidelines, protocols, and procedures pertaining to cleaning up or mopping a wet floor in effect at Starbucks Store # 13791, located at 1 Penn Plaza, Concourse Level, in the City of New York, County of New York, State of New York, on November 1, 2018.

b. The Defendant's policies, rules, regulations, guidelines, protocols, and procedures pertaining to required signage to warn of a wet floor in effect at Starbucks Store # 13791, located at 1 Penn Plaza, Concourse Level, in the City of New York, County of New York, State of New York, on November 1, 2018.

This is a continuing demand. In the event that any of the above information is presently unavailable or not in existence and subsequently becomes available through any manner, this demand shall continue right up to and including the trial. Your failure to comply will result in the Plaintiff objecting to the introduction of any of such material in evidence.

Dated: Mineola, New York
April 30, 2021

Yours, etc.,

**LAW OFFICES OF JOSEPH M. LICHTENSTEIN, P.C.**
By: T. McKinley Thornton, Esq.
*Attorneys for Plaintiff*
170 Old Country Road, Suite 615
Mineola, New York 11501
Tel: (516) 873-6300
Fax: (516) 873-7986
E-Mail: TMThornton@jml-law.com

TO: **GOLDBERG SEGALLA, LLP.**
*Attorneys for Defendant*
STARBUCKS CORPORATION d/b/a and/or a/k/a
STARBUCKS COFFEE COMPANY

665 Main Street
Buffalo, New York 14203
(716) 566-5400

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------X

JOANNE HICKS a/k/a JOANNE HICKS-CAMPBELL,                    Index No.: 161385/2020

                     Plaintiff,                    DEMAND FOR VERIFIED
                                                    BILL OF PARTICULARS
       -against-                    AS TO AFFIRMATIVE
                                                    <u>DEMANDS</u>

STARBUCKS CORPORATION d/b/a and/or a/k/a
STARBUCKS COFFEE COMPANY,

                     Defendant.
-----------------------------------------------------------------------X

        S I R S :

       PLEASE TAKE NOTICE, that the Plaintiff hereby demands that you serve upon The attorneys for the Plaintiff, within twenty (20) days after service hereto, a Verified Bill of Particulars of the allegations contained in the Defendant's Answer, in which the Defendant shall set forth and specify:

1.     A detailed statement of the act or acts of negligence, culpability, lack of care or omissions on the part of the Plaintiff which it will be claimed caused or contributed to the subject accident and/or the injuries suffered by the Plaintiff.

     a)    Set forth the time of each of said acts and/or omissions.

     b)    Set forth the location of each of said acts and/or omissions.

     c)    If the Defendant asserts an affirmative defense of assumption of the risk, state what risk(s) it will be claimed the Plaintiff assumed.

         i)    Set forth the time when said risk(s) was assumed.

         ii)    Set forth the exact location where said risk(s) was assumed.

     d)    Whether the alleged assumption of risk(s) was voluntary or involuntary.

     e)    A detailed statement of the acts and/or omissions on the part of the Plaintiff which it will be claimed constituted assumption of risk(s) and the manner in which it will be claimed said risk(s) was assumed.

2.     A statement of the degree, extent, and/or proportion to which it will be claimed the Plaintiff's alleged negligence contributed to the subject accident and/or to the injuries suffered by the Plaintiff.

3.     Set forth the proportion, extent, degree and nature of the Plaintiff's injuries and/or damages it will be alleged the acts and/or omissions of the Plaintiff caused, continued or contributed to the Plaintiff's injuries.

4.     State whether it will be claimed that the Plaintiff alleged negligent acts were committed and/or omitted by the Plaintiff solely or jointly with other persons.

    a)     If with other persons, set forth the names and addresses of the other persons.

    b)     Set forth a detailed statement of the act or acts of negligence and/or omissions which will be alleged on the part of each other person.

    c)     Set forth the degree, extent, and/or proportion to which it will be claimed the alleged negligence of each other person contributed to the accident.

    d)     Set forth the time and location of each of the aforementioned acts by each person.

5.     State in detail in what way or ways it will be claimed that the injuries and/or damages alleged in the Plaintiff's Verified Complaint were caused in whole or in part by the culpable conduct, want of care and assumption of risk on the part of the Plaintiff, and without negligence, fault or want of care on the part of Starbucks.

6.     State in detail in what way or ways it will be claimed by the Defendant that the Plaintiff's Verified Complaint fails to state a cause of action.

7.     State in detail in what way or ways it will be claimed that the Plaintiff's injuries were caused in whole or in part by a person or persons who are not within the control of Starbucks. In responding, please provide the name(s) and/or other identifying information of said person or persons.

8.     State in detail in what way or ways it will be claimed by the Defendant that the Plaintiff has failed to mitigate her damages.

9.     State in detail in what way or ways it will be claimed by the Defendant that the underlying incident and resulting injuries sustained by the Plaintiff were not proximately caused by any action or inaction of Starbucks.

10.    State in detail in what way or ways it will be claimed by the Defendant that the conduct of the Plaintiff constituted the sole proximate cause of the incident.

11.    State in detail in what way or ways it will be claimed by the Defendant that all risks and dangers at the time and place set forth as the location of the incident as alleged in the Verified Complaint were open, obvious, and apparent.

12.     State in detail in what way or ways it will be claimed by the Defendant that the Plaintiff assumed the risk of her injuries.

Dated: Mineola, New York
         April 30, 2021                              Yours, etc.,


                                                     **LAW OFFICES OF JOSEPH M.**
                                                     **LICHTENSTEIN, P.C.**
                                                     By: T. McKinley Thornton, Esq.
                                                     *Attorneys for Plaintiff*
                                                     170 Old Country Road, Suite 615
                                                     Mineola, New York 11501
                                                     Tel: (516) 873-6300
                                                     Fax: (516) 873-7986
                                                     E-Mail: TMThornton@jml-law.com


TO:     **GOLDBERG SEGALLA, LLP.**
        *Attorneys for Defendant*
        STARBUCKS CORPORATION d/b/a and/or a/k/a
        STARBUCKS COFFEE COMPANY
        665 Main Street
        Buffalo, New York 14203
        (716) 566-5400

Case 1:21-cv-04709  Document 1-1  Filed 05/26/21  Page 51 of 54

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**
------------------------------------------------------------------------------------------X
JOANNE HICKS a/k/a JOANNE HICKS-CAMPBELL,

                                        *Plaintiff,*               Index No. 161385/2020

                -against-                                    **REQUEST FOR**
                                                             **PRELIMINARY**
STARBUCKS  CORPORATION  D/B/A  AND/OR  A/K/A  STARBUCKS       **CONFERENCE**
COFFEE COMPANY,

                                        *Defendants.*
------------------------------------------------------------------------------------------X

        Issue has been joined, a Bill of Particulars has been served, and disclosure has not been
completed.

        A preliminary conference is requested.

        The nature of the action is negligence/premises liability.

        The names, addresses, and telephone numbers of the attorneys appearing herein are:

        **THE LAW OFFICES OF JOSEPH M.**
        **LICHTENSTEIN, P.C.**
        *Attorneys for Plaintiff*
        JOANNE HICKS a/k/a JOANNE HICKS-CAMPBELL
        170 Old Country Road, Suite 615
        Mineola, New York 11501
        (516) 873-6300

        **GOLDBERG SEGALLA, LLP**
        *Attorneys for Defendant*
        STARBUCKS CORPORATION d/b/a and/or a/k/a
        STARBUCKS COFFEE COMPANY
        665 Main Street
        Buffalo, New York 14203
        (716) 566-5400

Dated:  Mineola, New York
       April 30, 2021

Respectfully submitted,

LAW OFFICES OF JOSEPH M. LICHTENSTEIN

By: T. McKinley Thornton, Esq.
*Attorneys for Plaintiff*
170 Old Country Road, Suite 615
Mineola, New York 11501
Tel: (516) 873-6300
Fax: (516) 873-7986
E-Mail: TMThornton@jml-law.com

TO:  **GOLDBERG SEGALLA, LLP**
     *Attorneys for Defendant*
     STARBUCKS CORPORATION d/b/a and/or a/k/a
     STARBUCKS COFFEE COMPANY
     665 Main Street
     Buffalo, New York 14203
     (716) 566-5400

2

# REQUEST FOR JUDICIAL INTERVENTION

UCS-840
(rev. 07/29/2019)

SUPREME _____ COURT, COUNTY OF **NEW YORK**

Index No: __161385/2020__    Date Index Issued: __12/31/2020__

| For Court Use Only: |
|---|
| IAS Entry Date |
| |
| Judge Assigned |
| |
| RJI Filed Date |

**CAPTION**    Enter the complete case caption. Do not use et al or et ano. If more space is needed, attach a caption rider sheet.

JOANNE HICKS a/k/a JOANNE HICKS-CAMPBELL,

Plaintiff(s)/Petitioner(s)

-against-

STARBUCKS CORPORATION D/B/A AND/OR A/K/A STARBUCKS COFFEE COMPANY,

Defendant(s)/Respondent(s)

**NATURE OF ACTION OR PROCEEDING**    Check only one box and specify where indicated.

**COMMERCIAL**
- ○ Business Entity (includes corporations, partnerships, LLCs, LLPs, etc.)
- ○ Contract
- ○ Insurance (where insurance company is a party, except arbitration)
- ○ UCC (includes sales and negotiable instruments)
- ○ Other Commercial (specify): _____
*NOTE: For Commercial Division assignment requests pursuant to 22 NYCRR 202.70(d), complete and attach the COMMERCIAL DIVISION RJI ADDENDUM (UCS-840C).*

**REAL PROPERTY**    Specify how many properties the application includes: _____
- ○ Condemnation
- ○ Mortgage Foreclosure (specify):    ○ Residential    ○ Commercial
  Property Address: _____
  *NOTE: For Mortgage Foreclosure actions involving a one to four-family, owner-occupied residential property or owner-occupied condominium, complete and attach the FORECLOSURE RJI ADDENDUM (UCS-840F).*
- ○ Tax Certiorari
- ○ Tax Foreclosure
- ○ Other Real Property (specify): _____

**OTHER MATTERS**
- ○ Certificate of Incorporation/Dissolution    [see NOTE in COMMERCIAL section]
- ○ Emergency Medical Treatment
- ○ Habeas Corpus
- ○ Local Court Appeal
- ○ Mechanic's Lien
- ○ Name Change
- ○ Pistol Permit Revocation Hearing
- ○ Sale or Finance of Religious/Not-for-Profit Property
- ○ Other (specify): _____

**MATRIMONIAL**
- ○ Contested
  *NOTE: If there are children under the age of 18, complete and attach the MATRIMONIAL RJI ADDENDUM (UCS-840M).*
  *For Uncontested Matrimonial actions, use the Uncontested Divorce RJI (UD-13).*

**TORTS**
- ○ Asbestos
- ○ Child Victims Act
- ○ Environmental (specify): _____
- ○ Medical, Dental or Podiatric Malpractice
- ○ Motor Vehicle
- ○ Products Liability (specify): _____
- ◉ Other Negligence (specify): Premises liability
- ○ Other Professional Malpractice (specify): _____
- ○ Other Tort (specify): _____

**SPECIAL PROCEEDINGS**
- ○ CPLR Article 75 (Arbitration) [see NOTE in COMMERCIAL section]
- ○ CPLR Article 78 (Body or Officer)
- ○ Election Law
- ○ Extreme Risk Protection Order
- ○ MHL Article 9.60 (Kendra's Law)
- ○ MHL Article 10 (Sex Offender Confinement-Initial)
- ○ MHL Article 10 (Sex Offender Confinement-Review)
- ○ MHL Article 81 (Guardianship)
- ○ Other Mental Hygiene (specify): _____
- ○ Other Special Proceeding (specify): _____

**STATUS OF ACTION OR PROCEEDING**    Answer YES or NO for every question and enter additional information where indicated.

| | YES | NO | |
|---|---|---|---|
| Has a summons and complaint or summons with notice been filed? | ◉ | ○ | If yes, date filed: __12/31/2020__ |
| Has a summons and complaint or summons with notice been served? | ◉ | ○ | If yes, date served: __01/05/2021__ |
| Is this action/proceeding being filed post-judgment? | ○ | ◉ | If yes, judgment date: _____ |

**NATURE OF JUDICIAL INTERVENTION**    Check one box only and enter additional information where indicated.

- ○ Infant's Compromise
- ○ Extreme Risk Protection Order Application
- ○ Note of Issue/Certificate of Readiness
- ○ Notice of Medical, Dental or Podiatric Malpractice    Date Issue Joined: _____
- ○ Notice of Motion    Relief Requested: _____    Return Date: _____
- ○ Notice of Petition    Relief Requested: _____    Return Date: _____
- ○ Order to Show Cause    Relief Requested: _____    Return Date: _____
- ○ Other Ex Parte Application    Relief Requested: _____
- ○ Poor Person Application
- ◉ Request for Preliminary Conference
- ○ Residential Mortgage Foreclosure Settlement Conference
- ○ Writ of Habeas Corpus
- ○ Other (specify): _____

| RELATED CASES | List any related actions. For Matrimonial cases, list any related criminal or Family Court cases. If none, leave blank. If additional space is required, complete and attach the **RJI ADDENDUM (UCS-840A)**. | | | | |
|---|---|---|---|---|---|
| Case Title | Index/Case Number | Court | Judge (if assigned) | Relationship to instant case | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

| PARTIES | | For parties without an attorney, check the "Un-Rep" box and enter the party's address, phone number and email in the space provided. If additional space is required, complete and attach the **RJI ADDENDUM (UCS-840A)**. | | | |
|---|---|---|---|---|---|
| Un-Rep | Parties<br>List parties in same order as listed in the caption and indicate roles (e.g., plaintiff, defendant, 3rd party plaintiff, etc.) | Attorneys and Unrepresented Litigants<br>For represented parties, provide attorney's name, firm name, address, phone and email. For unrepresented parties, provide party's address, phone and email. | Issue Joined<br>For each defendant, indicate if issue has been joined. | Insurance Carriers<br>For each defendant, indicate insurance carrier, if applicable. |
| ☐ | Name: JOANNE HICKS a/k/a JOANNE HICKS-CAMPBELL<br>Role(s): Plaintiff | T. McKinley Thornton, Esq. - The Law Offices of Joseph M. Lichtenstein, P.C.<br>170 Old Country Road, Suite 615, Mineola, New York 11501<br>(516) 873-6300; TMThornton@jml-law.com | ○ YES ○ NO | |
| ☐ | Name: STARBUCKS CORPORATION<br>Role(s): Defendant | Joseph Hanna, Esq. - Goldberg Segalla, LLP<br>665 Main Street, Buffalo, New York 14203<br>(716) 566-5400; jhanna@goldbergsegalla.com | ◉ YES ○ NO | Sedgwick |
| ☐ | Name:<br>Role(s) | | ○ YES ○ NO | |
| ☐ | Name:<br>Role(s) | | ○ YES ○ NO | |
| ☐ | Name:<br>Role(s) | | ○ YES ○ NO | |
| ☐ | Name:<br>Role(s) | | ○ YES ○ NO | |
| ☐ | Name:<br>Role(s) | | ○ YES ○ NO | |
| ☐ | Name:<br>Role(s) | | ○ YES ○ NO | |
| ☐ | Name:<br>Role(s) | | ○ YES ○ NO | |
| ☐ | Name:<br>Role(s) | | ○ YES ○ NO | |
| ☐ | Name:<br>Role(s) | | ○ YES ○ NO | |
| ☐ | Name:<br>Role(s) | | ○ YES ○ NO | |
| ☐ | Name:<br>Role(s) | | ○ YES ○ NO | |
| ☐ | Name:<br>Role(s) | | ○ YES ○ NO | |
| ☐ | Name:<br>Role(s) | | ○ YES ○ NO | |
| ☐ | Name:<br>Role(s) | | ○ YES ○ NO | |

**I AFFIRM UNDER THE PENALTY OF PERJURY THAT, UPON INFORMATION AND BELIEF, THERE ARE NO OTHER RELATED ACTIONS OR PROCEEDINGS, EXCEPT AS NOTED ABOVE, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION BEEN PREVIOUSLY FILED IN THIS ACTION OR PROCEEDING.**

Dated: _____04/30/2021_____

_____
Signature

_____5117445_____
Attorney Registration Number

T. McKinley Thornton, Esq.
Print Name